IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:16-cv-61978

DASYL J. RIOS, an individual,

                Plaintiff,

v.

SCOTT ISRAEL, individually, and in his official
capacity as Sheriff of Broward County, Florida, and
CHRISTOPHER JOHNSON, in his individual capacity
as a deputy of the Broward Sheriff's Office,

                Defendants.

_____/

## **COMPLAINT**

David A. Frankel, Esq.
**Law Offices of David A. Frankel, P.A.**
20 South East 20th Street
Fort Lauderdale. Florida 33315
(954) 683-0300
Fla. Bar Number 741779
david@BlueLotusLaw.com
eservice@BlueLotusLaw.com

*Attorney for Dasyl Rios*

1

TABLE OF CONTENTS

NATURE OF THE ACTION ........................................................................... 3

JURISDICTION AND VENUE .................................................................... 3

PARTIES ......................................................................................................... 4

GENERAL ALLEGATIONS ........................................................................ 5

       Inadequate Policies ………................................................................9


FEDERAL LAW CLAIMS - 42 U.S.C. §1983 ...........................................11

Count I:      Excessive Use of Force – Defendant JOHNSON
Count II:     Official Policies Resulting in Improper and Excessive Use of Force –
            Defendant ISREAL in his official capacity …………………………….12
Count III:    Official Policies Resulting in Improper and Excessive Use of Force –
            Defendant ISREAL in his official capacity …………………………….14
Count IV:    Deprivation of Rights - Defendant ISREAL in his individual capacity ..…15

STATE LAW CLAIMS (FloridaLaw) ........................................................17

Count V:     Battery – Defendant JOHNSON ……………………………………….17
Count VI:    Battery - Defendant ISREAL in his official capacity ..………………….18
Count VII:   Violation of Basic Rights – Florida Constitution –
            Defendant JOHNSON ……………………………………………….19
Count VIII:  Violation of Basic Rights – Florida Constitution –
            Defendant ISREAL in his individual capacity ..………………………….19
Count IX:    Intentional Infliction of Emotional Distress – Defendant JOHNSON …...20
Count X:     Negligent Infliction of Emotional Distress – Defendant ISRAEL
            in his official capacity ……………………………………………….21

DEMAND FOR JURY TRIAL .....................................................................22

Plaintiff DASYL RIOS sues Defendants SCOTT ISRAEL, and CHRISTOPHER JOHNSON, and alleges:

## NATURE OF THE ACTION

1.      This is an action for damages resulting from violations of federal civil rights and Florida's tort laws. The damages were the result of an assault and battery upon DASYL RIOS ("RIOS" or Plaintiff) by CHRISTOPHER JOHNSON ("JOHNSON"), acting under the color of law in his capacity as a detention deputy for the Broward County Sheriff's Office ("BSO"), which occurred on February 23, 2015 in the Broward County Courthouse. In addition to the liability of JOHNSON for his own actions, it is alleged that injuries to RIOS were directly caused by SCOTT ISREAL ("ISRAEL"), in both his individual capacity, and official capacity as Sheriff and BSO's final policy maker, who personally knew that inadequate and incompetent staffing at the Broward County Courthouse would result in such violations, as well ISRAEL'S and BSO's written policies and procedures which failed to implement rules designed to prevent such abuse by providing proper guidance, training, or supervision to deputies who transport or move BSO prisoners inside the Courthouse.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§1983, 1988, the Fourth, and Fourteenth Amendments to the United State Constitution, and the tort laws and constitution of Florida.    Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional        provisions mentioned above, and under the tort law of Florida. Supplemental jurisdiction, and joinder of parties for additional state law claims is

3

proper pursuant to 28 U.S.C. §1367(a) because they form part of the *same case or controversy*. Plaintiff asserts both federal and state tort law claims.

3.      In connection with the acts, practices and violations alleged below, the Defendants have directly violated clearly established constitutional rights, as well as statutory and common law duties owed to Plaintiff.

4.      Under 28 U.S.C. § 1391(b)(2), venue lies in the District Court for the Southern District of Florida, Fort Lauderdale division, because it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

5.      The Plaintiff DASYL J. RIOS, at all times material hereto, has been a resident of Broward County, Florida, and over the age of eighteen years. Plaintiff is presently not a prisoner subject to Prison Litigation Reform Act, 42 U.S.C. § 1997e, and is otherwise *sui juris* in all respects.

6.      At all times material hereto Defendant SCOTT ISRAEL ("ISRAEL") was the Sheriff of Broward County. Defendant ISRAEL is responsible for the deputies in his employ, and ensuring that the deputies, employees, servants and agents of the BSO obey the laws of the State of Florida and the United States. Defendant ISRAEL is also the final policymaker responsible for all operational and investigative policies, training and supervision, practices, customs, and orders of BSO. ISRAEL is sued here individually and in his official capacity as Sheriff of Broward County.

7.      Acting in his official capacity as the Sheriff of Broward County the actions and omissions of ISRAEL are one and the same as those of BSO.

8.      Defendant CHRISTOPHER JOHNSON is a duly appointed detention deputy officer employed by the Broward Sheriff's Office, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the BSO and/or the State of Florida. Defendant JOHNSON is being sued in his individual capacity.

### GENERAL ALLEGATIONS

9.      On or about the 23rd of February, 2015 Ms. RIOS was a prisoner of the Broward County Sheriff, Defendant SCOTT ISRAEL. On that date she was transported to a courtroom at the Broward County Courthouse for a scheduled appearance. At all times material hereto Ms. RIOS was confined in both handcuffs and leg chains, including during her court appearance.

10.     At the time, DASYL J. RIOS was a twenty-eight-year-old woman suffering from significant mental illness and suffering from extreme emotional disturbance.

11.     During the proceedings that day, the presiding judge considered a verbal request by Ms. RIOS' appointed counsel for a transfer of the case to Broward County's mental health court. The request was granted. Ms. RIOS herself made a verbal request for placement in a mental health hospital facility, as well as to receive medication. As such, JOHNSON, who was present at all times, knew, or had reason to believe that RIOS was suffering from mental illness.

12.     While in court that day Ms. RIOS was openly and visibly upset. Her actions were extreme and her statements were clearly audible and visible to everyone present in the courtroom, including the Defendant JOHNSON. As such, JOHNSON knew, or had reason to know that RIOS was presently experiencing extreme emotional distress.

13.     At the conclusion of the hearing Ms. RIOS was reluctant to leave the courtroom, hoping to stop to speak to her mother who was sitting in the rear of the courtroom. At his point JOHNSON interceded and took control of RIOS.

14.     Upon taking control of Ms. RIOS, JOHNSON forcefully directed her outside the courtroom. Distraught, shackled and handcuffed, Ms. RIOS sat down on a public bench and then the floor adjacent to the courtroom door and began to cry.

15.     At no time material hereto were RIOS' actions a threat to the safety of JOHNSON, other courtroom officials, BSO personnel, other inmates, or members of the public, as RIOS made no effort to engage any other person; nor did any other persons attempt to approach. RIOS was the only prisoner under JOHNSON'S control and there existed no legitimate necessity to use force against RIOS rather than wait and allow a de-escalation of the emotional circumstances.

16.     In the alternative to paragraph 15 above, to the extent there did exist any danger or possible threat to the security of any person, including JOHNSON, RIOS, BSO, court official, or member of the public, such circumstance was caused by the lack and/or incompetence of BSO personnel to maintain security inside the Broward County Courthouse.

17.     At no time did RIOS physically resist or oppose JOHNSON or any other courtroom or detention official. Ms. RIOS simply refused to obey JOHNSON'S immediate demand that she stand, and walk. Instead she remained seated and sobbing.

18.     Failing to make any attempt to deescalate a situation that did not present uncertainty or any rapidly evolving circumstances, JOHNSON took hold of the leg chains shackling RIOS' legs, and began to drag her away from the courtroom. As he did so,

JOHNSON threatened RIOS saying, "now you're mine," and/or "now we'll do it my way," and or other words to that effect indicating that:

    a.    he was acting maliciously outside the scope of his employment duties; or

    b.    was acting within the scope of his employment duties, not maliciously or in bad faith, or in a wanton manner with disregard for Plaintiff's well-being, but was unguided by any available policy or procedure, training, or supervision.

19.    Defendant JOHNSON then began to drag Ms. RIOS by her shackled legs through a main corridor of the Broward County Courthouse, intentionally and/or negligently placing her on display for the members of the public in the area.

20.    Ms. RIOS was heard by persons in the area screaming and begging JOHNSON to stop. She asked Defendant JOHNSON if she could stand. He refused. She can be seen on video grabbed and attempted to hold onto a sign post while pleading with JOHNSON. JOHNSON continued down a third hallway and through a security door leading to the Broward County Jail. Once inside the security door JOHNSON left Ms. RIOS on the floor crying.

21.    In all, JOHNSON dragged RIOS approximately 300 feet, or the length of a football field. During the several minutes it took JOHNSON to drag RIOS through the courthouse to the security door, it was apparent that RIOS was on public display and suffering humiliation and spectacle. Additionally, RIOS suffered injury to her hand and wrists, ankles, as well as other parts of her body.

22.    The force used by JOHNSON was unjustified and excessive as no reasonable person would have acted as such. Defendant JOHNSON chose to unnecessarily escalate an emotional situation, that was not chaotic or rapidly evolving, involving an obviously mentally ill and/or disturbed prisoner in his charge, rather than use any reasonable

measures consistent with any training, experience and/or common sense ability, to avoid physical and emotional harm.

23.    To the extent Defendant JOHHSON acted with malice, his actions were inhumane, and intolerable in a civilized society.

24.    To the extent Defendant JOHHSON acted with malice, his action were the direct result and caused by ISREAL'S purposeful failure to assign a sufficient number of employees to provide the necessary security at the Broward County Courthouse, and/or failure to implement proper supervision and training to courthouse deputies.

25.    In the alternative, to the extent Defendant JOHNSON did not act with malice, bad faith, or in a manner that was willfully or wantonly in disregard for RIOS' safety or well-being, his actions were negligent and violated a duty of care owed to Ms. RIOS.

26.    To the extent Defendant JOHNSON acted without malice, bad faith, or any wanton disregard for RIO'S well-being, his actions were a direct result of ISRAEL'S failure to provide adequate policy and procedure to guide his actions, and/or ISRAEL'S failure to adequately provide sufficient and competent staffing to provide security at the Broward County Courthouse, and/or ISRAEL'S failure to provide proper training and/or supervision to JOHNSON.

27.    In addition to the degradation and humiliation caused to Ms. RIOS by having been dragged through a public building in restraints like nothing more than a bundle of refuse, the harm was exacerbated by its having been video recorded on a cellular telephone, and disseminated national and internationally.

Inadequate Policies

28.     As the Sheriff of Broward County ISRAEL has undertaken, and is charged with, the responsibility of maintaining security at the Broward County Courthouse. This includes the transportation, custody and movement of incarcerated prisoners through the Courthouse to and from courtrooms to attend hearings.

29.     At all times material hereto ISRAEL knew that such prisoners commonly include persons suffering from mental illness and/or emotional disturbance. The Broward County court administrator maintains two divisions specifically intended for such persons, many of whom are incarcerated by BSO during the pendency of their cases. BSO itself maintains specialized housing for persons who are mentally ill or experiencing emotional disturbance.

30.     At all times material hereto, Defendant ISRAEL was charged with the plenary responsibilities to adopt and implement policies, rules and regulations to reasonably ensure the protection, safety and security of all inmates in the custody of BSO. This included, but was not limited to: assignment of a sufficient number of deputies, both certified law enforcement and detention, to provide security and safety in the courthouse, including but limited to prevention of unnecessary use of force against prisoners in his charge, including those who suffer from mental illness or whom are experiencing emotional disturbance; and ensuring the proper training and supervision to those deputies.

31.     Despite these responsibilities, ISRAEL maintained a written policy intended to cover the transportation of prisoner (*Sheriff's Policy Manual* §10.19) which failed to provide for procedure or guidance related to the movement of prisoners to and from the

courtrooms through the courthouse that was adequate in its establishment and/or implementation to prevent unnecessary use of force against such prisoners.

32.    Instead, at all times material hereto, ISRAEL decided to adopt a particular course of action, and maintain a custom, which was deficient and inadequate to ensure the proper training of courthouse deputies to ensure the safety and security of prisoners who were mentally ill and/or experiencing emotional disturbance as they were transported to and from the courtrooms through the Broward County Courthouse. This custom mainly involved the posting of notices to employees providing general and nonspecific information about encountering such persons, without any determination of whether the employees read the postings, understand the postings, lacked specific training with regard to any of the information contained in the postings, or testing or review to determine whether the employees show any proficiency with regard to implementing the information.

33.    Moreover, at all times material hereto ISRAEL decided to adopt a particular course of action that he knew failed to provide an adequate number of deputies to the BSO Courthouse district to maintain the safety and security at the courthouse, and remained deliberately indifferent to the foreseeable consequences.

34.    At all times material hereto, ISRAEL knew that there were an insufficient number of deputies assigned to provide safety and security, and/or to safely transport prisoners to and from their court appearances and through the Broward County Courthouse, including but not limited to persons with mental illness and/or suffering from an emotional disturbance.

## FEDERAL CLAIMS

### COUNT I
### Excessive Use of Force – 42 U.S.C. §1983 Claim
### (Defendant JOHNSON)

35.     The Plaintiff incorporates paragraphs 1-27 as if specifically set forth herein.

36.     At no time before, during or after JOHNSON determined to grab the leg chains shackling RIOS' legs did RIOS oppose, resist or offer violence to JOHNSON or any other person such that the use of force could be considered necessary or justifiable.

37.     The force used by JOHNSON against RIOS was objectively unreasonable and unnecessary.

38.     The actions and words of JOHNSON at the time, as set forth above, demonstrate that he acted maliciously and outside the scope of his discretionary duties, such that he is disentitled to any claim of immunity.

39.     After the incident was made known and personally reviewed by Defendant ISRAEL he publically stated that JOHNSON'S use of force was excessive and unjustifiable under the circumstances that existed.

40.     As a direct and proximate result of JOHNSON'S actions Ms. RIOS suffered both physical and exacerbated emotional harm.

    **WHEREFORE** Plaintiff DASYL RIOS seeks entry of judgment for damages both compensatory and punitive against CHRISTOPHER JOHNSON, along with costs and reasonable attorney's fees, as well as any other award the Court deems just. Plaintiff DASYL RIOS demands trial by jury.

<u>COUNT II</u>
**Official Policies Resulting in Improper and Excessive Use of Force - Fourth**
**Amendment- 42 U.S.C. §1983**
**(Defendant ISRAEL in his official capacity)**

41.     Plaintiffs re-allege and incorporate by reference paragraphs 1-34 into this count.

42.     At all times material hereto, ISRAEL was responsible for the agents and employees of BSO, including establishing and/or implementing policies and procedures to conform their conduct to the United States Constitution. This included the responsibility to establish and/or implement policies and procedures pertaining to the transport of prisoners in and through the courtrooms and corridors of the Broward County Courthouse to attend hearings, and included:

        a.     policies and procedures regarding the use of force against prisoners who are restrained by the hands and/or feet; and

        b.     policies and procedures limiting the use of force against non-violent prisoners who pose no risk or threat of danger and whom are non-compliant with directives of the presiding judge or any other person who lawfully maintains actual or physical control of the prisoner including BSO deputies; and

        c.     policies and procedures regarding the use of force, or any other methods, to control prisoners who are mentally ill or experiencing emotional disturbance.

43.     The policies and procedures purportedly established and/or adopted by ISRAEL to comply with these responsibilities are contained in section 10.19 of the "*Sheriff's Policy Manual*." However, section 10.19 is deficient in that:

        a.     it fails to provide any provisions to guide or advise his employees as to the responsibilities and duties concerning the transport of prisoners in and through the hearings; and/or,

        b.     it fails to provide any provisions to guide or advise his employee in their duties regarding the use of force against any prisoner who is non-violent; and/or,

     c.     it fails to provide any provision for control of prisoners who are mentally ill, or believed to be mentally ill, or experiencing emotional disturbance while being moved inside the courtrooms, hallways, or corridors of the courthouse.

Despite this responsibility ISRAEL failed to establish any policies or procedures, within section 10.19, or anywhere else, to guide his employees in these functions.

44.    Moreover, the policies and procedures that were in place regarding the transport of prisoners in the courthouse who are mentally ill and/or who are experiencing emotional disturbance, at all times material hereto, were deficient and lacking in provisions regarding de-escalation and measures to avoid unnecessary use of force against such prisoners.

45.    A known and obvious consequence of policies lacking provisions for de-escalation and avoidance of unnecessary use of force in such instances are a violation of the Fourth Amendment right of prisoners such as Plaintiff DASYL RIOS, to be free from the use of improper and excessive use of force.

46.    The failure of ISRAEL to ensure the promulgation and implementation of policies and procedures to prevent the excessive use of force against prisoners who are mentally ill and experiencing emotional disturbance who are transported through the Broward County Courthouse was the direct and proximate cause of the injury caused to Plaintiff RIOS by Defendant JOHNSON.

47.    Moreover, the maintenance of insufficient policies and procedures to deescalate situations involving prisoners who are known to be mentally ill, or experiencing emotional disturbance, to avoid use of force by deputies who are tasked with the transport of prisoners through the courthouse to and from court appearance was the direct and proximate cause of the injury to Plaintiff RIOS by Defendant JOHNSON.

48.     As a proximate result thereof Plaintiff RIOS suffered physical injury, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

WHEREFORE, Plaintiff demands judgment against ISRAEL in his official capacity for compensatory and punitive damages, pain and anguish, costs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems appropriate.

### COUNT III
**Official Policies and Practices Resulting in Improper and Excessive Use of Force - 42 U.S.C. §1983**
**(Defendant ISRAEL in his official capacity)**

49.     Plaintiffs re-allege and incorporate by reference paragraphs 1-34 into this count.

50.     At all times material hereto, ISRAEL was responsible for the agents and employees of BSO, including establishing and/or implementing policies and procedures to conform their conduct to the United States Constitution. This included the responsibility to establish and/or implement policies and procedures pertaining to the assignment of staff sufficient in number and training to provide security and safety to all persons in and around the Broward County Courthouse, including BSO prisoners.

51.     Despite this responsibility, Defendant ISRAEL purposely and deliberately maintained a custom, which took the form of *de facto* policy, of providing and assigning an insufficient number of deputies at the courthouse to maintain security and to attend to breaches of the peace by prisoners or other incidents which posed a threat to the security and safety of persons in the courthouse, including prisoners, such as occurred on February 23, 2015 involving RIOS.

52.     As a direct and proximate result of this custom Defendant JOHNSON was not provided with assistance or back-up from any deputy who was not otherwise assigned to provide security elsewhere, or who was available to provide assistance, and thus chose to use force against RIOS.

53.     As such, this custom was the direct and proximate cause of the deprivation of rights and injury caused to RIOS, which included physical injury, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

        **WHEREFORE**, Plaintiff demands judgment against ISRAEL in his official capacity for compensatory and punitive damages, costs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems appropriate.

### COUNT IV
### Deprivation of Rights - 42 U.S.C. §1983
### (Defendant ISRAEL in his individual capacity)

54.     Plaintiffs re-allege and incorporate by reference paragraphs 1-34 into this count.

55.     At all times material hereto, ISRAEL was responsible to correct and reform any policies, procedures or customary practices that might jeopardize the safety and security of BSO prisoners who were known or believed to be mentally ill, and/or experiencing emotional disturbance.

56.     This responsibility included the assignment, training, supervision and/or implementation of sufficiently trained, and adequate number of deputies at the Broward County Courthouse to prevent the unnecessary use of force against such prisoners while in the courthouse.

57.     Prior to February 23, 2015 ISRAEL knew that there were an insufficient number of deputies who were assigned, and/or adequately trained and/or supervised, to provide security and safety at the courthouse such that unnecessary uses of force against prisoners such as RIOS were foreseeable and inevitable.

58.     Prior to February 23, 2015 ISRAEL announced these deficiencies in public, specifically outlining and declaring that his lack of sufficient assignment of such deputies would likely result in incidents involving prisoners who could not safely and securely be transported and/or controlled in the Broward County Courthouse.

59.     Despite this knowledge, ISRAEL chose to ignore the inevitable consequences and remained deliberately indifferent to the foreseeable use of unnecessary force against prisoners, including but not limited to those known, or suspected of being mentally ill, or experiencing emotional disturbance.

60.     As such, this deliberate indifference was the direct and proximate cause of the deprivation of rights and injury caused to RIOS, which included physical injury, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

        **WHEREFORE**, Plaintiff demands judgment against ISRAEL in his individual capacity for compensatory and punitive damages, costs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems appropriate.

### STATE CLAIMS

<u>**COUNT V**</u>
<u>**Battery - State Tort Claim**</u>
**(Defendant JOHNSON)**

61.     The Plaintiff incorporates paragraphs 1-27 as if specifically set forth herein.

62.     On or about February 23, 2015 CHRISTOPHER JOHNSON did commit battery upon Plaintiff DASYL RIOS by unlawfully touching and/or using physical force against RIOS against her will. JOHNSON'S actions were unwarranted, unjustified and offensive.

63.     The battery upon Ms. RIOS was committed with malice and an intention to punish her for disobedience of an unnecessary directive. Thus his actions were outside the scope of his discretionary duties.

64.     In the alternative to the above, the battery upon Ms. RIOS was committed while JOHNSON was acting in the course and scope of his duties as a BSO deputy, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for her safety or well-being, but due to his negligence caused by incompetence and lack of training.

65.     To the extent JOHNSON was acting in the course and scope of his duties as a BSO deputy, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for her safety or well-being, he breached a duty owed to RIOS as he was in charge of her care and custody.

66.     As a direct and proximate result, RIOS suffered physical injury to her body, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

**WHEREFORE** Plaintiff DASYL RIOS seeks entry of judgment for compensatory damages against CHRISTOPHER JOHNSON, along with costs, as well as any other award the Court deems just.

**COUNT VI**
**Battery - State Tort Claim**
**(Defendant ISRAEL in his official capacity)**

67.     The Plaintiff incorporates paragraphs 1-23 as if specifically set forth herein.

68.     On or about February 23, 2015 CHRISTOPHER JOHNSON did commit battery upon Plaintiff DASYL RIOS by unlawfully touching and/or using physical force against RIOS against her will. JOHNSON'S actions were unwarranted, unjustified and offensive.

69.     At the time of the offensive touching and/or physical force JOHNSON was acting in the course and scope of his duties as a BSO deputy, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for her safety or well-being.

70.     In doing so, JOHNSON breached a duty of care owed to RIOS as she was under his care and custody at the time.

71.     As a direct and proximate result RIOS suffered physical injury to her body, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

          **WHEREFORE** Plaintiff DASYL RIOS seeks entry of judgment for compensatory damages against SCOTT ISRAEL in his official capacity, along with costs, as well as any other award the Court deems just. Plaintiff DASYL RIOS demands trial by jury.

**Count VII**
**Violation of Basic Rights – Florida Constitution**
**(Defendant JOHNSON)**

72.     The Plaintiff incorporates paragraphs 1-23 as if specifically set forth herein.

73.     On or about February 23, 2015 CHRISTOPHER JOHNSON did commit battery upon Plaintiff DASYL RIOS by unlawfully touching and/or using physical force against RIOS against her will. JOHNSON'S actions were unwarranted, unjustified and offensive.

74.     JOHNSON'S actions were motivated by malice with a wanton disregard for the physical and mental well-being of RIOS.

75.     In doing so, JOHNSON violated RIOS' constitutionally protected basic right to enjoyment of life as set forth in Article I, section 2 of the Florida Constitution.

76.     As a direct and proximate result of this violation RIOS suffered physical injury to her body, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

          **WHEREFORE** Plaintiff DASYL RIOS seeks entry of judgment for compensatory damages against JOHNSON, along with costs, as well as any other award the Court deems just. Plaintiff DASYL RIOS demands trial by jury.

**Count VIII**
**Violation of Basic Rights – Florida Constitution**
**(Defendant ISRAEL in his official capacity)**

77.     The Plaintiff incorporates paragraphs 1-23 as if specifically set forth herein.

78.     On or about February 23, 2015 CHRISTOPHER JOHNSON did commit battery upon Plaintiff DASYL RIOS by unlawfully touching and/or using physical force against RIOS against her will. JOHNSON'S actions were unwarranted, unjustified and offensive.

79.     At the time of the offensive touching and/or physical force JOHNSON was acting in the course and scope of his duties as a BSO deputy, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for her safety or well-being, but due to negligent lack of care and duty under the circumstances that then existed.

80.     In doing so, JOHNSON violated RIOS' constitutionally protected basic right to enjoyment of life as set forth in Article I, section 2 of the Florida Constitution.

81.     As a direct and proximate result RIOS suffered physical injury to her body, and emotional injury, including but not limited to: humiliation and exacerbation of her emotional suffering.

        **WHEREFORE** Plaintiff DASYL RIOS seeks entry of judgment for compensatory damages against BSO in his official capacity, along with costs, as well as any other award the Court deems just. Plaintiff DASYL RIOS demands trial by jury.

## Count IX
### Infliction of Emotional Distress - State Tort Claim
#### (Defendant JOHNSON)

82.     The Plaintiff incorporates paragraphs 1-23 as if specifically set forth herein.

83.     The force used by Defendant JOHNSON against Plaintiff RIOS served no legitimate purpose, and was done with malice, and was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as uncivilized.

84.     The actions and words of JOHNSON at the time, as stated above, clearly indicate an intent to cause emotional suffering.

85.     As a direct and proximate result of JOHNSON'S actions Ms. RIOS suffered severe emotional harm, and/or purposeful humiliation.

20

**WHEREFORE**, the Plaintiff DASYL RIOS requests this Court enter judgment against Defendant JOHNSON individually, and award the Plaintiff compensatory and punitive damages, as well all other further relief this Court deems just and proper.  Plaintiff demands trial by jury for all issues so triable by right.

<u>COUNT X</u>
**Negligent Infliction of Emotional Distress – State Tort**
**(Defendant ISRAEL in his official capacity)**

86.     Plaintiffs hereby incorporate paragraphs 1-28 above, as if specifically set forth herein.

87.     On February 23, 2016 Defendant JOHNSON negligently caused physical injury and resulting emotional distress to Plaintiff RIOS by dragging her along the floor by leg shackles through the hallways of the Broward County Courthouse.

88.     At the time JOHHSON owed a duty of care to RIOS as he was her jailer and possessed complete control of her freedom and movement.

89.     Defendant breached that duty of care by negligently causing physical injury and resulting emotional distress.

90.     At the time he did so, Defendant JOHNSON was acting in the course and scope of his employment for the BSO and Defendant ISRAEL.

91.     Defendant JOHNSON'S actions were the result of negligent breach and  disregard for RIOS' safety or well-being.

92.     As a direct and proximate result of JOHNSON'S breach of duty RIOS suffered both physical and resulting emotional distress, to wit: injury to her hands and wrists, ankles and body, as well as humiliation and anxiety.

**WHEREFORE** Plaintiff DASYL RIOS seeks entry of judgment for compensatory damages against SCOTT ISRAEL in his official capacity, along with costs, as well as any other award the Court deems just. Plaintiff DASYL RIOS demands trial by jury.

<u>**DEMAND FOR TRIAL BY JURY**</u>

As to all counts Plaintiff DASYL RIOS demand trial by jury for all claims so triable.

*Respectfully submitted*, this 16th day of August, 2016.

<u>s/ David A. Frankel</u>
David A. Frankel, Esq.

**Law Offices of David A. Frankel, P.A.**
20 South East 20th Street
Fort Lauderdale. Florida 33315
(954) 557-2244
Fla. Bar Number 741779
david@BlueLotusLaw.com